The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Ford and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On March 17, 1993, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On this date the employer-employee relationship existed between the parties.
3. As of this date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The alleged injury giving rise to plaintiff's claim occurred on March 17, 1993.
5. On March 17, 1993, plaintiff was earning an average weekly wage of $480.00, yielding a compensation rate of $320.00.
6. That the issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident arising out of and in the course of her employment with the defendant-employer on March 17, 1993; and,
 b. If so, are the injuries of which plaintiff complains caused by the said accident; and,
 c. If so, to what compensation is plaintiff entitled under the Act.
7. The parties further stipulated into evidence the depositions of Dr. David DuPuy dated May 12, 1994, and Dr. Thomas H. McCoy dated June 16, 1994, together with attachments and six pages of records of a compensation claim in South Carolina.
8. Industrial Commission Form 19, dated March 23, 1993, was stipulated into evidence.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff had been employed by defendant-employer continuously since 1979. Beginning in August, 1992 plaintiff worked for defendant-employer as a dispatcher. When an outage or other problem arose, plaintiff dispatched technicians. Her job was predominately clerical. In addition to the telephone, she used a computer, a printer, and a radio.
2. On March 17, 1993, plaintiff volunteered to go with an emergency crew to Sylva, North Carolina to assist as a dispatcher in a snow storm emergency. When there was no clerical work to be done, plaintiff volunteered to observe and assist the crew in the field as they resolved power difficulties in the area brought about by the storm.
3. On the evening of March 17, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she pulled on a downed cable resulting in an injury to her right elbow.
4. Plaintiff's work with the emergency crew fixing downed cables and pulling on a tangled cable constituted an interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
5. Subsequent to March 17, 1993, plaintiff returned to her home base in Charlotte, North Carolina, reported the incident to the defendant, and, on April 1, 1993, sought medical care and treatment for her right elbow pain and was medically diagnosed as suffering from lateral epicondylitis.
6. Before March 17, 1993, plaintiff suffered from right lateral epicondylitis, a degenerative condition. This condition had been dormant until plaintiff's injury by accident of March 17, 1993 when she pulled the cable and significantly aggravated this pre-existing condition.
7. Plaintiff, who had been previously treated conservatively for her elbow condition before this injury by accident, was again conservatively treated until October of 1993 with a cast and medication. Plaintiff, however, did not recover after this treatment and may require surgery in the future.
8. As of the date of the hearing before the Deputy Commissioner, plaintiff continued to be employed at Duke Power and had missed no work as a result of the compensable injury by accident.
* * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On March 17, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she significantly aggravated a pre-existing condition in her right elbow as she attempted to pull a downed cable. N.C.G.S. 97-2 (6).
2. Plaintiff's work with the emergency crew fixing downed cables and pulling on a tangled cable constituted an interruption of her work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences. N.C.G.S.97-2 (6).
3. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of her compensable injury by accident March 17, 1993, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability. N.C.G.S. 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-Employer shall pay all medical expenses incurred by plaintiff as a result of her compensable injury by accident March 17, 1993, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's disability.
2. Defendant shall pay the costs of this appeal.
This is the _____________ day of May, 1996.
 S/ ____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________________ THOMAS J. BOLCH COMMISSIONER
S/ ____________________________ J. RANDOLPH WARD COMMISSIONER